IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 03-487 |
| | : | |
| v. | : | |
| | : | |
| ANDRE KEYES | : | |

<u>MEMORANDUM</u>

**Padova, J.**                                                                                                             **January 28, 2013**

Before the Court is Andre Keyes's *pro se* Motion for Modification of Sentence, which Keyes filed pursuant to 18 U.S.C. § 3582(c)(2), and which seeks to reduce Keyes's sentence based on the 2008 amendments to the United States Sentencing Guidelines concerning crack cocaine, which are set forth in Amendment 706.[1]  For the following reasons, we deny the Motion.

On February 14, 2004, a jury convicted Keyes of nine counts of a Superseding Indictment that charged him with conspiring to distribute in excess of 50 grams, that is, approximately 30 kilograms, of cocaine base, in violation 21 U.S.C. § 846 (Count 1); three counts of possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (Counts 2, 10 and 19); three counts of possessing with intent to distribute in excess of five grams of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a) and 18 U.S.C. § 2 (Counts 3, 11 and 20); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 (Count 4); and employing a juvenile to distribute cocaine base, in violation of 18 U.S.C. § 861(a)(1) and 18 U.S.C. § 2 (Count 18).

---

[1] The Government construes Keyes's Motion as seeking a reduction of sentence based not only on Amendment 706, but also on Amendment 750.  <u>See</u> U.S.S.G. App. C, amend. 750 (reducing cocaine base offense levels below the levels set forth in Amendment 706).  However, the Motion refers only to Amendment 706.  Accordingly, we consider the Motion as only seeking a reduction based on Amendment 706.

We sentenced Keyes on February 22, 2005. The presentence investigation report concluded that Keyes was responsible for the distribution of more than 1.5 kilograms of cocaine base, but Keyes objected to the alleged quantity of drugs distributed. After hearing argument, we sustained Keyes's objection and found Keyes responsible for 52 grams of cocaine base. Under the then-applicable November 1, 2004 United States Sentencing Guidelines, an offense involving more than 50 grams but less than 150 grams of cocaine base resulted in a base offense level of 32. U.S.S.G. § 2D1.1(c)(4) (2004). We adjusted Keyes's base offense level upward by two levels for distribution in a school zone, for a total offense level of 34. U.S.S.G. § 2D1.2(a)(1). With a criminal history category of I, Keyes's guideline range on the drug counts was 151-188 months. U.S.S.G. Ch. 5, Pt. A. In addition, because of the amount of cocaine base involved in the drug offenses, Keyes was subject to a ten-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A) (2005). He also faced a mandatory consecutive sentence of 60 months' imprisonment on the § 924(c) count. See 18 U.S.C. § 924(c)(1)(A)(i). We varied downward from the guideline range on the drug counts and imposed the mandatory minimum sentence of 120 months on those counts, and we also imposed the mandatory consecutive sentence of 60 months on the § 924(c) count, for a total mandatory minimum sentence of 180 months' imprisonment.

Keyes now asks that we reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. Generally, a "court may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c). However, § 3582(c)(2) provides a limited exception to this general rule, stating that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant . . . , the court may reduce the

2

>term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Amendment 706 to the Sentencing Guidelines reduced the base offense level for most cocaine base offenses by two levels. U.S.S.G. App. C, amend. 706. The Sentencing Commission has determined that this Amendment may be applied retroactively. See U.S.S.G. § 1B1.10(c).

Under the plain text of § 3582(c)(2), a court may only reduce a defendant's sentence if (1) it sentenced the defendant "based on" a sentencing range that has been lowered by an amendment to the Guidelines and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). United States Sentencing Guideline § 1B1.10(a) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if -- . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Likewise, Application Note 1(A) to U.S.S.G. § 1B1.10 states that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . the amendment [to the Guidelines] does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, cmt. n.1(A).

In this case, application of Amendment 706 would reduce Keyes's base offense level on the drug counts to 30. U.S.S.G. § 2D1.1(c)(7) (2010). Taking into account his distribution in a school zone, his adjusted offense level under the amended guidelines would be 32. In

3

conjunction with his Criminal History Category of I, Keyes's post-Amendment 706 guideline range for the drug offenses would be 121-151 months, which is lower than the guideline range that was applicable to his drug offenses at his sentencing in 2005.  Keyes thus argues that his sentence should be reduced to one within this lower range.

Keyes, however, overlooks the fact that this range applies only to his drug offenses and that he still faces a consecutive mandatory sentence of 60 months' imprisonment on his § 924(c) charge, for an effective range of 181-231 months.  In fact, irrespective of any guideline amendments, Keyes remains subject to the 120-month statutory mandatory minimum on the drug charges, as well as the consecutive 60-month mandatory consecutive sentence on the § 924(c) charge, for a total statutory mandatory sentence of 180 months.  No guideline amendment alone can alter this sentence, because "the Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence."  Sanchez-Cordero v. United States, 317 F. App'x 267, *267 (3d Cir. 2009) (per curiam) (citation omitted).  Indeed, the Guidelines themselves provide that we may not impose a sentence, even if it is within a guideline range, if that range is "less than any statutorily required minimum sentence."  U.S.S.G. § 5G1.1(c)(2).  Accordingly, even though an amendment such as Amendment 706 may lower the guideline range for Keyes's drug offenses, we are simply not at liberty to reduce his sentence below the statutory mandatory minimum and consecutive sentences set forth in in 21 U.S.C. § 841(b)(1)(A) (2005) and 18 U.S.C. § 924(c)(1)(A).[1]  See Sanchez-Cordero, 317 F. App'x at *267 (stating that defendant "is not eligible for a reduction [under § 3582(c)(2)] because he was sentenced to a mandatory minimum").

---

[1] We note that the Fair Sentencing Act of 2010 (the "FSA"), which was enacted on August 3, 2010, amended 21 U.S.C. § 841(b)(1) by increasing the amounts of cocaine base that give rise to mandatory sentences.  See United States v. Dixon, 648 F.3d 195, 197 (3d Cir. 2011); Pub. L. No.

For the foregoing reasons, we deny Keyes's Motion for Modification of Sentence. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.

---

111–220, § 2, 124 Stat. 2372 (2010); 21 U.S.C.A. § 841(b)(1).  Among other changes, the amount of crack cocaine that can give rise to a mandatory minimum sentence was increased from 50 grams to 280 grams.  Compare 21 U.S.C. § 841(b)(1)(A)(iii) (2006) with 21 U.S.C. § 841(b)(1)(A)(iii).  However, the FSA does not apply retroactively to "defendants who committed their crimes and who were sentenced before the Act was enacted."  Dixon, 648 F.3d at 198 n.3 (citing United States v. Reevey, 631 F.3d 110 (3d Cir. 2010)).  Because Keyes committed his crime and was sentenced before the FSA was enacted, the pre-FSA version of § 841(b), which mandated a ten-year sentence for an individual who possessed 50 grams or more of crack cocaine, continues to apply to him.