IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDRE KEYES | : | NO. 03-487 |

**MEMORANDUM**

**Padova, J.**                                                                                    **October 29, 2015**

      Before the Court is Andre Keyes's *pro se* Motion for Modification or Reduction of Sentence, which Keyes filed pursuant to 18 U.S.C. § 3582(c)(2), and which seeks to reduce Keyes's sentence based on the 2014 amendments to the United States Sentencing Guidelines concerning drug offenses, which are set forth in Amendment 782.  For the following reasons, we deny the Motion.

      On February 14, 2004, a jury convicted Keyes of nine counts of a Superseding Indictment that charged him with conspiring to distribute in excess of 50 grams, that is, approximately 30 kilograms, of cocaine base, in violation 21 U.S.C. § 846 (Count 1); three counts of possession with intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (Counts 2, 10 and 19); three counts of possessing with intent to distribute in excess of five grams of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a) and 18 U.S.C. § 2 (Counts 3, 11 and 20); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 (Count 4); and employing a juvenile to distribute cocaine base, in violation of 18 U.S.C. § 861(a)(1) and 18 U.S.C. § 2 (Count 18).

      We sentenced Keyes on February 22, 2005.  At the sentencing hearing, we found Keyes

responsible for the distribution of 52 grams of cocaine base. Under the then-applicable November 1, 2004 United States Sentencing Guidelines, an offense involving more than 50 grams but less than 150 grams of cocaine base resulted in a base offense level of 32. U.S.S.G. § 2D1.1(c)(4) (2004). We adjusted Keyes's base offense level upward by two levels for distribution in a school zone, for a total offense level of 34. U.S.S.G. § 2D1.2(a)(1). With a criminal history category of I, Keyes's advisory guideline range on the drug counts was 151-188 months. U.S.S.G. Ch. 5, Pt. A. In addition, because of the amount of cocaine base involved in the drug offenses, Keyes was subject to a ten-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A) (2005). He also faced a mandatory consecutive sentence of 60 months' imprisonment on the § 924(c) count. See 18 U.S.C. § 924(c)(1)(A)(i). We varied downward from the guideline range on the drug counts and imposed the mandatory minimum sentence of 120 months on those counts, and we also imposed the mandatory consecutive sentence of 60 months on the § 924(c) count, for a total mandatory minimum sentence of 180 months' imprisonment.

In 2013, Keyes filed his first motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). That first sentence reduction motion was based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels applicable to crack cocaine offenses. We denied that motion for modification of sentence in a January 2014 Memorandum. United States v. Keyes, Crim. A. No. 03-487-3, 2014 WL 296943 (E.D. Pa. Jan. 28, 2014). As we explained, even though application of Amendment 706 lowered Keyes's total offense level on his drug counts to 32, and lowered his sentencing range for his drug offenses to 121-151 months, Keyes remained subject to the 120-month statutory mandatory minimum on the drug charges, as well as the consecutive 60-month mandatory consecutive sentence on the § 924(c)

charge, for a total statutory mandatory sentence of 180 months. Id. at *2. We further explained that we were not at liberty to lower Keyes's sentence below the statutory mandatory minimum and consecutive sentences set forth in in 21 U.S.C. § 841(b)(1)(A) (2005) and 18 U.S.C. § 924(c)(1)(A). Id. (citing Sanchez-Cordero v. United States, 317 F. App'x 267, 267 (3d Cir. 2009) (per curiam) (stating that defendant "is not eligible for a sentence reduction [under § 3582(c)(2)] because he was sentenced to a mandatory minimum" and "the Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence" (citation omitted))); U.S.S.G. § 5G1.1(c)(2) (providing that a court may not impose a sentence within a guideline range, if that range is "less than any statutorily required minimum sentence").

Keyes has now filed a second motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The instant motion seeks the benefit of Amendment 782 to the Guidelines, which further reduced the base offense levels applicable to crack cocaine offenses and reduces Keyes's total offense level on his drug offenses to a 26. This offense level, in combination with his criminal history category of I, produces an advisory guideline range of 63-78 months. However, just as before, Keyes remains subject to the statutory mandatory minimum sentences of 120 months on the drug counts and a consecutive 60 months on the gun count, for a total mandatory sentence of 180 months. Accordingly, as before, we are not at liberty to reduce his sentence. See Sanchez-Cordero, 317 F. App'x at 267.

For the foregoing reasons, we deny Keyes's Motion for Modification of Sentence. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
John R. Padova, J.